RONALD LEE GILMAN,
Circuit Judge, concurring.
The words that the district court used in pronouncing McCaster’s sentence, specifically its statements that “I’ve got from 100 to 125 months of discretion, unless there’s a motion for either departure or variance,” “I’ve got 25 months of discretion here,” and “That’s the lowest I can go in the guidelines” would, in isolation, be clear grounds for resentencing. See United States v. Mooneyham, 473 F.3d 280, 295 (6th Cir.2007) (“We have recognized, in the wake of Booker, that a sentence imposed under mandatory guidelines, ... constitutes plain error where it affects substantial rights by prejudicing the defendant.” (internal quotation marks omitted)). I join the lead opinion, however, because the record as whole shows that the court recognized that the Guidelines were advisory. But I hope that in the future district courts will refrain from making similar statements to avoid confusion on appeal about whether the court understood its discretion under the post-Booker advisory Guidelines regime.